Agenstein, Appellant, vs. Westphal, Respondent.

*February 6—March 6, 1923.*

*Sales: Delivery: Evidence: Relevancy: Sufficiency.*

1. In an action to recover the purchase price of four tubs of cheese, the evidence is *held* sufficient to show that the seller had shipped the goods by rail and delivered them to a drayman who was authorized to take freight consigned to the buyer from the depot.
2. A notice sent by a railroad company from another point than the destination of the shipment to the effect that a shipment of three tubs of cheese by another than plaintiff from the same station from which plaintiff shipped could not be delivered because the consignee therein named could not prove ownership, was inadmissible and could be given no weight, it being clearly a fugitive document.

Appeal from a judgment of the county court of Waukesha county: David W. Agnew, Judge.   *Reversed.*

The plaintiff has a cheese factory near Calamine, the defendant is a wholesale dealer in cheese with his principal office at Hartford, and with a branch house at Brodhead with one Greenwald as manager.

In October, 1919, plaintiff by telephone arranged with Greenwald to ship to Brodhead ten boxes of block Swiss cheese and four tubs of wheel Swiss cheese. The ten boxes were purchased outright and the four tubs of wheel Swiss cheese were to be received and held in storage subject to either future purchase by defendant or sale to others on commission.

The plaintiff's uncontradicted testimony is that the ten boxes and the four tubs were loaded in a freight car at Calamine consigned to defendant at Brodhead. The description on the bill of lading made out by the Calamine station agent was as follows:

> 4 tubs Swiss cheese, 2200 weight.
> 10 bx. blk. cheese, 1800 weight.
> O. R.
> Concentration rate.
> Shipper's load and count.

One copy of the bill of lading was sent by plaintiff forthwith to defendant at Brodhead.

The station agent at Calamine testified that he saw ten boxes and four tubs in the freight car although he did not notice the address, if any, marked on the four tubs; that he sealed the car and it was forwarded in due course. The term "shipper's load and count" means that in making out the bill of lading the number of articles is taken from a statement made by the shipper who does the actual loading. Upon the arrival of the car at Brodhead the railroad agent there, in accordance with the usual custom, made out a receipt for such shipment by copying from the railroad waybill the articles and weights found thereon rather than from an actual inspection of the articles as they might be in the actual shipment. Such receipt was dated October 10th and contained among other things the following:

|  | Weight. | Rate. | Freight. |
|---|---|---|---|
| 4 tubs Swiss cheese | 2,200 | 13 | 5.20 |
| 10 bx. block cheese | 1,800 | | |
| | 4,000 | | |

Shipper's load and count.

Such receipt was presented at defendant's office in Brodhead, and the bookkeeper paid the freight and signed defendant's name to such receipt.

One Newcomer, a drayman, was the authorized agent of

defendant to take freight consigned to him from the depot. Defendant maintained, in carrying on his business there, a rented cold-storage plant and also rented a refrigerator cellar. An itemized entry was made as of October 10th of the ten boxes showing a gross weight of 1,944 pounds, with a tare weight of 211, in the customary manner in defendant's record book. No entry was made of the four tubs of cheese. There was testimony on behalf of defendant that the four tubs had either not been received at Brodhead or had not been delivered at either of the two places kept by defendant for the storage and handling of such merchandise. The drayman, Newcomer, testified that he delivered the four tubs as well as the ten boxes to defendant on October 10th. He referred in so testifying to a pocket memorandum book in which was entered as of that day:

> Westphal—10 boxes of cheese, 20 cts.
>           4 tubs            50 cts.

and another separate charge of two items against defendant. He also testified that the ten boxes and one tub made one load and the three tubs another. On cross-examination it appeared that his custom was to be told by some employee of the railroad company the articles for defendant, write it down on a slip, and then enter it in his book at night. He also testified he had no present recollection of it independent of the book.

About November 14th plaintiff called at Brodhead and then first learned that defendant claimed that the four tubs had not been received and at such time defendant's manager, Greenwald, exhibited to plaintiff the bill of lading spoken of above. A search was made and an inventory taken with reference to the cheese on defendant's premises and no trace appears to have been found of the four tubs. The ten boxes appear to have been settled for by payment on December 4, 1919. Over plaintiff's objection the court received in evidence, and as appears from his written opin-

ion gave weight to, a notice sent by a railroad from Cleveland, Ohio, dated December 4, 1919, addressed to one Jake Naef at Calamine, stating in effect that three tubs of cheese, 1,475 pounds, consigned to one Gus Zemore, 2379 East Fifty-fifth street, Cleveland, had been there received, but could not be delivered because such consignee was unable to prove ownership. Defendant refusing to recognize liability for the four tubs, plaintiff commenced this action.

The case was tried by the court below without a jury, and the court directed judgment for defendant by a written decision therein stating that the plaintiff had not satisfied the court that the defendant's agent Newcomer, the drayman, unloaded the cheese and delivered it to defendant, and that upon all the evidence he came to the conclusion that errors may have been made by the plaintiff in not loading the cheese and an error may have been made on the part of the drayman in not delivering the cheese. That in any event he could not find from the evidence in favor of the plaintiff and therefore found for the defendant. From the judgment in favor of the defendant plaintiff has appealed.

For the appellant there was a brief by *John D. Dunwiddie* of Monroe and *Sanborn, Blake & Aberg* of Madison, and oral argument by *John B. Sanborn* and *Philip Sanborn* of Madison.

*J. H. Schnorenberg* of Hartford, for the respondent.

ESCHWEILER, J.   It was properly conceded in this court by plaintiff that delivery at the Brodhead depot of the four tubs of cheese to the drayman as authorized agent for defendant was sufficient, if shown, to establish defendant's liability. The issue therefore was simply whether or not plaintiff's proofs were sufficient to establish delivery to such agent, and did not require proof of delivery to defendant at either his cold-storage rooms or his refrigerator cellar. On this narrower issue we think plaintiff sustained the burden of proof and is entitled to recover.

The notice from a railroad at Cleveland as to three tubs of cheese apparently shipped by some one else than plaintiff at some unknown date was subject to plaintiff's objection to its consideration and can be given no weight, it being clearly a fugitive document. Mr. Greenwald, the defendant's manager, did not testify, and the following facts are undisputed: that an express agreement was made by plaintiff and Greenwald that the four tubs should be sent with the ten boxes; that Greenwald received and had possession of the bill of lading showing on its face that the four tubs were shipped with the ten boxes; that the freight receipt presented to defendant's office on the arrival of the shipment also so clearly showed; that the freight on the four tubs on consignment was more than that on the ten boxes purchased, and yet was paid without protest to the railroad or without claim against plaintiff; that with Greenwald's knowledge of this prior arrangement as to the shipment and of the arrival at least of the minor part both in weight and value of such shipment, no notice is given to plaintiff of a possible loss of such valuable property, and he does not know thereof until when, a month later, he comes to inquire and collect.

The proof is clear and positive as to the loading of the four tubs at Calamine by the evidence of the plaintiff and the freight agent.

In consideration of the record here presented, reluctant as we are to reverse a trial court's determination on questions of fact, nevertheless we are forced to conclude that the plaintiff has sufficiently shown delivery of these articles to defendant's agent to place upon defendant the responsibility for the loss.

*By the Court.*—Judgment reversed, with directions to enter judgment for the plaintiff for the amount claimed.